**UNITED STATES of America, Plaintiff,**

v.

**Anthony WOODS, Defendant.**

**Crim. No. 93–80123.**

United States District Court,
E.D. Michigan,
Southern Division.

July 20, 1995.

Janice V. Terbush, United States Attorney's Office, Detroit, MI, for plaintiff.

Michael Hawkins, Federal Defender Office, Detroit, MI, for defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE CONVICTION

GADOLA, District Judge.

Defendant Anthony Woods was indicted on two counts on March 9, 1993. In Count I, defendant was charged with conspiracy to possess with intent to deliver and to distribute controlled substances, in violation of 21 U.S.C. § 841, 846. In Count II, defendant was charged with attempted possession with intent to distribute cocaine, also in violation of 21 U.S.C. § 841, 846. On May 21, 1993, defendant plead guilty to Count I pursuant to a Rule 11 plea bargain. Defendant was

sentenced on May 18, 1995 for a term of 60 months incarceration in a Federal Correctional Institution. Now before the court is defendant's motion to vacate his conviction due to an alleged violation of the Double Jeopardy Clause of the Fifth Amendment. For the reasons stated below, the court will deny defendant's motion.

## I. Facts

On February 5, 1993, defendant attempted to take delivery of approximately three kilograms of cocaine from an individual working on behalf of the government. Defendant believed the delivery to be a portion of the cocaine which had remained secreted in two vehicles previously seized by the Missouri State Police. A federal grand jury indicted defendant and he was arrested on the Indictment on March 11, 1993. Defendant plead guilty to Count I of the Indictment on May 21, 1993.

Defendant now moves the court to vacate his conviction claiming that the seizure and forfeiture of certain personal property precludes his conviction on double jeopardy grounds. His claim concerns $819.00 in United States currency that was seized from his person at the time of his arrest. The money was made the subject of a civil forfeiture proceeding pursuant to 21 U.S.C. § 881(a)(6). The basis for the forfeiture was that the currency represented drug proceeds.

The currency was turned over to the Wyandotte Police Department who assisted the DEA in the investigation that lead to defendant's indictment. A Notice of Seizure and Intention to Forfeit and Dispose of Property was served on defendant on May 24, 1993, three days after his plea of guilty to Count I. Defendant did not contest the forfeiture proceedings and on June 14, 1993, the $819.00 was declared administratively forfeited by the City of Wyandotte.

## II. Analysis

■ Defendant contends that the civil forfeiture instituted in the instant case, followed by his indictment and subsequent conviction, violates the Double Jeopardy Clause of the Fifth Amendment. According to the defendant, his conviction should be overturned due to his subjection to "multiple punishments for the same offense." *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989).

Initially, defendant's motion to vacate must fail because double jeopardy is not implicated where separate sovereigns, here the federal government and the City of Wyandotte, prosecute the same defendant. Independent sovereigns may punish the same conduct. *Heath v. Alabama,* 474 U.S. 82, 89, 106 S.Ct. 433, 437–38, 88 L.Ed.2d 387 (1985) (convictions by two states for the same murder upheld). A state prosecution does not bar a subsequent federal prosecution for the same act. *Abbate v. United States,* 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959) (federal conviction following conviction in state court for same criminal act upheld). In the instant case, the City of Wyandotte administered the forfeiture proceedings and the federal government convicted defendant of Count I of the Indictment.

Defendant relies on recent developments in the area of forfeiture and double jeopardy law to support his contention that a civil forfeiture constitutes "punishment," and that any separate proceeding against the defendant premised on the same conduct should be barred by the protections afforded by the Fifth Amendment. Defendant claims that the civil forfeiture instituted in the case at bar case served not only a remedial purpose, but also carried a retributive or deterrent function under the Supreme Court's decisions in *Austin v. United States,* — U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), *Department of Revenue of Montana v. Kurth Ranch,* — U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), and *United States v. $405,089.23 U.S. Currency, et al.,* 33 F.3d 1210 (9th Cir.1994).

The defendant claims that in light of these holdings the government must elect to include a criminal forfeiture count in the indictment, or choose to seek the civil forfeiture action, therefore relinquishing the opportunity to prosecute the accused criminally. Here, the civil forfeiture proceeding and the criminal prosecution were administered separately against defendant. Thus, defendant

concludes that he is being "punished" twice for the same crime in violation of his constitutional right to protection against double jeopardy. However, defendant's claim based on multiple "punishments" is rejected without reaching the issue of whether the forfeiture proceeding constituted "punishment" for double jeopardy purposes because the dual sovereignty exercised by the City of Wyandotte and the federal government eliminates any double jeopardy concern. *See U.S. v. Louisville Edible Oil Products, Inc.,* 926 F.2d 584, 586 (6th Cir.1991), *cert. denied,* 502 U.S. 859, 112 S.Ct. 177, 116 L.Ed.2d 140 (1991).

In *Louisville,* defendants claimed that fines levied by a County Board for violation of state environmental laws barred subsequent federal prosecution based on the same conduct. The Sixth Circuit held that even if the fines did constitute "punishment," federal prosecution would not violate the Double Jeopardy Clause "because of the dual sovereignty possessed by the state and the federal government over this matter." *Id.* at 587. In the case at bar, the City of Wyandotte forfeited the drug proceeds and the federal government convicted the defendant. It follows that each may pursue their separate claims based on the same conduct without subjecting the defendant to double jeopardy. *Id.*

### ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendant's motion to vacate conviction is **DENIED.**

**SO ORDERED.**